151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry L. EMERSON, Defendant-Appellant.
 No. 98-1601.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1998.
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division. No. 95 CR 30006 Richard Mills, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. MICHAEL S. KANNE, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This case was before us previously, see United States v. Emerson, 128 F.3d 557 (7th Cir.1997). In that opinion we affirmed Emerson's conviction but remanded to the district court for resentencing. Emerson now appeals from that resentencing. Emerson alleges that the district court erred in sentencing him under U.S.S.G. § 3D1.2(d). He argues that a fact-specific inquiry into his criminal behavior reveals that U.S.S.G. § 3D1.2(b) is the appropriate sentencing guideline section for his crimes. We are not persuaded by Emerson's argument.
 
 
 2
 U.S.S.G. § 3D1.2 states that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." It then provides four circumstances in which counts are appropriately grouped. Subsection (d) states that counts involve substantially the same harm:
 
 
 3
 When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.
 
 
 4
 U.S.S.G. § 3D1.2(d) then lists the "guidelines [that] are to be grouped under this subsection." Included in this list are the guidelines for both mail fraud and money laundering, the offenses for which Emerson was convicted. Emerson admits this fact in his brief. Additionally, both mail fraud and money laundering are crimes whose "offense level is determined largely on the basis of the total amount of loss" incurred by the victim, as specified in subsection (d). Again, Emerson admits this fact in his brief. Although Emerson argues that a fact-specific inquiry into the behavior underlying his convictions would convince us that a different guideline section would be appropriate, we find that U.S.S .G. § 3D1.2(d)'s explicit reference to both the money laundering and mail fraud guideline and the nature of the offense level determination for those crimes support the district court's use of U . S.S.G. § 3D1.2(d).
 
 
 5
 We therefore AFFIRM the sentence imposed by the district court.